**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MADIO TORRENCE BAYHA,**

                             **Petitioner,**

        **v.**                                          **CASE NO. 21-3232-SAC**

**SHANNON MEYER,**

                             **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

In 2016, Petitioner pled no contest in Johnson County District Court (JCDC) to multiple crimes and was sentenced to 120 months in prison. (Doc. 3, p. 1.) Petitioner did not pursue a direct appeal, although online records of the JCDC reflect that on July 20, 2021, he filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504, which Petitioner refers to as a motion for reduction of sentence. *Id.* at 2-3; see JDCD online records, case number 15CR02209, case history. Petitioner filed a federal habeas petition in this Court on September 27, 2021 and, pursuant to the Court's order, refiled his habeas petition on the proper court-approved forms on October 12, 2021. (Docs. 1-3.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-

07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, there is an exception to the one-year time limitation because of actual innocence. Despite its title, to obtain this exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021).

Rather, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

According to his petition, Petitioner was sentenced on July 29, 2016. Petitioner could not pursue a direct appeal from his convictions because they were based on a plea of no contest. *See State v. Key*, 298 Kan. 315, 321 (2013) ("A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her *sentence*."); K.S.A. 22-3602(a). Had he chosen to appeal his sentences, however, he had 14 days in which to do so. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal."). That time expired on approximately August 12, 2016 and the one-year federal habeas limitation period began to run. It expired approximately one year later, on August 12, 2017. Petitioner did not file his federal habeas petition until 2021.

Thus, it appears that the petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling or unless Petitioner can establish that the actual innocence exception to the time limitation applies. The Court directs Petitioner to show cause why his petition should not be dismissed as untimely.

**Exhaustion**

Even if Petitioner demonstrates that his petition is timely, he faces a second hurdle: it appears that the petition must be dismissed without prejudice for failure to exhaust his state-court remedies. "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The exhaustion requirement exists to "give state courts a fair opportunity to act on [a federal habeas petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*,

809 Fed. Appx. 556, 557 (10th Cir. 2020).

The sole ground for relief in this federal habeas action is that Petitioner is actually innocent and another individual committed the crimes in question. (Doc. 3, p. 5.) There is no indication that Petitioner has presented this issue to the Kansas appellate courts. As noted above, however, it appears that there are related proceedings pending in JCDC. Petitioner has filed a motion in JCDC that, in his own words, raises the grounds for relief "[t]hat as a new party committed the crime [and] new identification was found, sentence should be reduced." *Id.* at 3. Where a petitioner has state proceedings challenging his conviction pending, dismissal of the federal habeas petition without prejudice is appropriate. *Bland*, 459 F.3d at 1012.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including November 15, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

DATED:  This 13th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge