**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MADIO TORRENCE BAYHA,**

                  **Petitioner,**

        **v.**                                         **CASE NO. 21-3232-SAC**

**SHANNON MEYER,**

                  **Respondent.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the action as time-barred.

### Background

In 2016, Petitioner pled no contest in Johnson County District Court to one count of robbery, two counts of battery of a state corrections officer, and one count of fleeing and eluding, and the district court sentenced him to 127 months in prison. (Doc. 3, p. 1.) *See also* Johnson County District Court online records, case number 15CR02209. Petitioner did not pursue a direct appeal in the state courts. On September 27, 2021, he initiated this action by filing a pro se petition for writ of habeas corpus. (Doc. 1.)

Upon receiving an amended petition on court-approved forms, the Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On October 13, 2021, the Court issued a NOSC

explaining that the petition appeared to be filed after the end of the one-year limitation period in 28 U.S.C. § 2244(d)(1). (Doc. 4.) The statute contains a tolling provision, though, and equitable tolling also is available under certain circumstances. In addition, actual innocence can create an exception to the statutory limitation period. Therefore, the NOSC directed Petitioner to show cause why the petition should not be dismissed as untimely.

The NOSC also addressed exhaustion, explaining that state prisoners are usually required to exhaust all available state-court remedies before pursuing federal habeas relief. (Doc. 4, p. 5.) The NOSC further noted that it appeared that Petitioner had not exhausted his state-court remedies, so the petition is subject to dismissal for failure to do so, even if it was timely filed. *Id.* Moreover, the NOSC pointed out that dismissal also appears appropriate because the petition indicates that there may be ongoing state-court proceedings that raise the grounds for relief set forth in this federal action. *Id.* Petitioner timely filed a response (Doc. 5) to the NOSC, which the Court has carefully reviewed.

## Analysis

Petitioner does not dispute the Court's calculations of the timeline. Liberally construing the response, as is appropriate since Petitioner is proceeding pro se, it appears that Petitioner asserts that the actual innocence exception to the timeline applies in this situation. (Doc. 5, p. 1.) Specifically, Petitioner alleges that there is "newfound evidence" that "include[s] the name and alias of . . . a new suspect." *Id.* Petitioner also alleges that he participated in "stealing clothes" because he was afraid for the safety of his family, who "now travel around the country" to evade

Petitioner's enemies. *Id*. Because he now feels that his family is safe, Petitioner is "willing to testify" about his innocence, which he reasserts throughout his response.[1] *Id.*

As explained in the NOSC, to qualify for the actual innocence exception to the federal habeas limitation period, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

"An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10-th Cir. 2021). The only new evidence Petitioner has identified is the name of another individual involved in the crimes. But Petitioner has not explained how knowing this individual's name would leave a reasonable juror unable to find Petitioner guilty beyond a reasonable doubt. Petitioner does not allege that this individual committed the crimes instead of him; he

---

[1] The Court also notes that Petitioner asserts innocence as his sole ground for relief, asserting that now that he is aware of the additional suspect's name, "I can prove it wasn't me." (Doc. 5.) "The Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it "has never recognized freestanding actual innocence claims as abasis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.'" *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Thus, even if this action was not time-barred, it would be subject to dismissal for failure to state a cognizable ground for federal habeas relief.

concedes that he and others "had been stealing clothes." (Doc. 5, p. 1.)

Similarly, although Petitioner appears to assert that he is willing to testify now that his family is no longer in danger, he does not explain how this relates to any "new evidence" that could undermine a juror's ability to properly convict him. Thus, Petitioner has failed to identify new reliable evidence that if considered by a reasonable juror, would make it more likely than not that the juror would not have found Petitioner guilty beyond a reasonable doubt. Thus, he has failed to show that the actual innocence exception to the one-year federal habeas statute of limitations applies in this case.[2]

## Conclusion

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown the type of circumstances that justify applying the actual innocence exception to the statute of limitations. The Court will therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA

---

[2] Because the petition must be dismissed as untimely filed, the Court need not address the question of whether a failure to exhaust state-court remedies independently requires dismissal of this matter.

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that is procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 5th day of November, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge